GLORIA TSUI-YIP
WENDI OPPER UZAR
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York 10018
(t) (212) 268-0900
(f) (212) 268-0904
Gloria@mt-iplaw.com

Attorneys for Plaintiff and Counterclaim Defendant
9089756 CANADA, INC.

Attorneys for Counterclaim Defendant
COLLECTIVE MINDS GAMING CO., LTD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

| | |
|---|---|
| 9089756 CANADA, INC., | : |
| | : |
| Plaintiff, | : Civil Action No. 15-cv-6098 (KMW) (SN) |
| | : |
| - against - | : ECF Case |
| | : |
| JEFFERSON PAULO KOPPE, | : |
| | : |
| Defendant. | : |

------------------------------------------------------------X

| | |
|---|---|
| JEFFERSON PAULO KOPPE, | : |
| | : |
| Counterclaim Plaintiff, | : |
| | : |
| - against - | : |
| | : |
| 9089756 CANADA, INC., COLLECTIVE | : |
| MINDS GAMING CO. LTD, BLUE RIDGE | : |
| ELECRONICS LLC, and XYZ Companies 1-10, | : |
| | : |
| Counterclaim Defendants. | : |

------------------------------------------------------------X

**COUNTERCLAIM DEFENDANTS 9089756 CANADA, INC.'S AND**
**COLLECTIVE MINDS GAMING CO. LTD.'S ANSWER TO**
**JEFFERSON PAULO KOPPE'S AMENDED COUNTERCLAIMS**

Plaintiff-Counterclaim Defendant 9089756 Canada, Inc. ( "Canada") and Counterclaim Defendant Collective Minds Gaming Co. Ltd. ( "Collective Minds") (collectively, "Counterclaim Defendants"), by their attorneys, hereby answer the Amended Counterclaims of Defendant-Counterclaim Plaintiff, Jefferson Paulo Koppe (hereinafter "Koppe" or "Counterclaim Plaintiff") as follows:

<u>Jurisdiction and Venue</u>

1.      Answering ¶1, Counterclaim Defendants admit that this is a civil action purporting to seek declaratory relief of non-liability under the Declaratory Judgment Act of the United States as codified in 28 U.S.C. 2201.

2.      Answering ¶2, Counterclaim Defendants admit that this is a civil action purporting to seek damages and injunctive relief for copyright infringement under the copyright laws of the United States as codified in 17 U.S.C. 501 et seq.

3.      Answering ¶3, Counterclaim Defendants admit that this is a civil action purporting to be for civil conspiracy under the common laws of the State of New York and deny the remaining allegations of this paragraph.

4.      Answering ¶4, Counterclaim Defendants admit the allegations of this paragraph.

5.      Answering ¶5, Counterclaim Defendants admit that venue is proper as to them. The remaining allegations of this paragraph that pertain to Counterclaim Defendants are denied.

6.      Answering ¶6, Counterclaim Defendants admit the Court has personal jurisdiction over Counterclaim Defendants.  The remaining allegations of this paragraph that pertain to Counterclaim Defendants are denied.  Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph that pertain to the remaining counterclaim defendants, and the allegations are therefore denied.

<u>The Parties</u>

7.      Answering ¶7, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

8.      Answering ¶8, Counterclaim Defendants admit the allegations of this paragraph.

9.      Answering ¶9, Counterclaim Defendants admit that Collective Minds is a Canadian corporation with a principal place of business at 8515 Devonshire Place, Suite 205, Town of Mount Royal, Quebec, H4P 2K1, Canada.  Counterclaim Defendants deny the remaining allegations of this paragraph.

10.      Answering ¶10, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

11.      Answering ¶11, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

<u>Statement of Facts</u>

12.      Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-11 above.

13.      Answering ¶13, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

14.      Answering ¶14, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

3

15.     Answering ¶15, Counterclaim Defendants admit that Koppe and RaptorStrike Inc. formed Techart, LLC, ("Techart") a Florida limited liability company and executed the Operating Agreement of Techart, LLC ("Operating Agreement") on June 25, 2012, and that Koppe and RaptorStrike were the only original members of Techart.  Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the remaining allegations are therefore denied.  By way of further response, the Operating Agreement speaks for itself.

16.     Answering ¶16, Counterclaim Defendants deny the allegations contained in this paragraph.  By way of further response, the Operating Agreement speaks for itself.

17.     Answering ¶17, Counterclaim Defendants deny that Koppe "did not transfer or assign any right, title, or interest" in the GamepadProxy to Techart and that Koppe "did not at any point receive any compensation or consideration" in exchange.  Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and the remaining allegations are therefore denied.  By way of further response, the Operating Agreement speaks for itself.

18.     Answering ¶18, Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

19.     Answering ¶19, Counterclaim Defendants deny that Koppe resigned as Member of Techart, LLC on May 10, 2013. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

20.     Answering ¶20, Counterclaim Defendants admit that the Articles of Dissolution was filed on behalf of Techart on April 15, 2014, and a Statement of Revocation of Dissolution

was filed on behalf of Techart on August 1, 2014, with the Florida Department of State. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the remaining allegations are therefore denied.

21.    Answering ¶21, Counterclaim Defendants admit only that U.S. Copyright Registration No. TX 7-996-178 was issued in Koppe's name and that a copy of U.S. Copyright Registration No. TX 7-996-178 is attached as Exhibit B. Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the remaining allegations are therefore denied.

22.    Answering ¶22, Canada admits that Preet Singh is a director of Collective Minds and has a business address of 8515 Devonshire Place, Mount-Royal, Quebec H4P 2K1, Canada, but denies that he is the sole director.  Canada is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

23.    Answering ¶22, Collective Minds admits that Preet Singh is a director of Collective Minds and has a business address of 8515 Devonshire Place, Mount-Royal, Quebec H4P 2K1, Canada, but denies that he is the sole director.  Collective Minds further denies that it has ever executed a licensing or distribution agreement with Blue Ridge Electronics LLC ("Blue Ridge").  Collective Minds is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

24.    Answering ¶23, Canada is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and the allegations are therefore denied.

25.    Answering ¶23, Collective Minds denies that Blue Ridge does business at the website ctrlmaxplus.ca.  Collective Minds denies the remaining allegations of this paragraph that

pertain to it.  Collective Minds is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the allegations are therefore denied.

26.     Answering ¶24, Counterclaim Defendants admit the allegations of this paragraph.

27.     Answering ¶25, Counterclaim Defendants admit that the Intellectual Property Purchase Agreement ("Purchase Agreement") was executed by Preet Singh on behalf of Canada and Alexander Golubev on behalf of Techart on April 17, 2015.  Counterclaim Defendants deny the remaining allegations of this paragraph.  By way of further response, the Purchase Agreement and Operating Agreement speak for themselves.

28.     Answering ¶26, Counterclaim Defendants admit that Canada filed the initial Complaint against Koppe on August 4, 2015. The remaining allegations of this paragraph are denied as the Complaint speaks for itself.

29.     Answering ¶27, Counterclaim Defendants admit only that U.S. Copyright Registration Nos. TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 were issued in Koppe's name, and that the attached exhibits purport to be copies of the respective copyright registration certificates.  Counterclaim Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and the remaining allegations are therefore denied.

<u>Count I</u>

30.     Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-29 above.

31.     Answering ¶¶29–37, Collective Minds denies all allegations contained therein because it is not a counterclaim defendant to Count I.

32.     Answering ¶29, Canada admits it seeks relief in this litigation granting it

6

ownership of certain of Koppe's alleged works and denies the remaining allegations of this paragraph.

33.     Answering ¶30, Canada admits that it claims right, title and interest in copyrighted works created by Koppe before and during his membership of Techart and any works created by Koppe after his membership in Techart to the extent such work is derived from a work created by Koppe before or during his membership of Techart.  Canada denies the remaining allegations contained in this paragraph.

34.     Answering ¶31, Canada denies the allegations contained in this paragraph.  By way of further response, the Operating Agreement speaks for itself.

35.     Answering ¶32, Canada denies the allegations contained in this paragraph.  By way of further response, the Operating Agreement speaks for itself.

36.     Answering ¶33, Canada admits that under the Operating Agreement, Techart acquired the rights, title and interest in works authored while Koppe was a Member of Techart, but denies that these are the only works that were acquired or owned by Techart.

37.     Answering ¶34, Canada admits that it acquired the rights, title and interest in works authored while Koppe was a Member of Techart, but denies that these are the only works that were acquired or owned by Canada.

38.     Answering ¶35, Canada denies the allegations contained in this paragraph.

39.     Answering ¶36, Canada denies the allegations contained in this paragraph.

40.     Answering ¶37, Canada denies the allegations contained in this paragraph.

<u>Count II</u>

41.     Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-40 above.

42.     Answering ¶¶39–46, Collective Minds denies all allegations contained therein

7

because it is not a counterclaim defendant to Count II.

43.     Answering ¶39, Canada admits the allegations contained in this paragraph.  By way of further response, the Complaint speaks for itself.

44.     Answering ¶40, Canada admits that it claims right, title and interest in copyrighted works created by Koppe before and during his membership of Techart and any works created by Koppe after his membership in Techart to the extent such work is derived from a work created by Koppe before or during his membership of Techart.  By way of further response, the Complaint speaks for itself.

45.     Answering ¶41, Canada denies the allegations contained in this paragraph. By way of further response, the Operating Agreement speaks for itself.

46.     Answering ¶42, Canada denies the allegations contained in this paragraph. By way of further response, the Operating Agreement speaks for itself.

47.     Answering ¶43, Canada admits that under the Operating Agreement, Techart, acquired the rights, title and interest in works authored while Koppe was a Member of Techart, but deny that these are the only works that were acquired or owned by Techart.

48.     Answering ¶44, Canada denies the allegations of this paragraph.

49.     Answering ¶45, Canada admits that it has no claim of ownership, right, title or interest to any original work authored by Koppe after his resignation as a Member of Techart, but only to the extent that such a work is not derived from a work authored before or while Koppe was a Member of Techart.  The remaining allegations of this paragraph are denied.

50.     Answering ¶46, Canada denies the allegations contained in this paragraph.

<u>Count III</u>

51.     Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-50 above.

52.     Answering ¶¶48-52, Collective Minds denies all allegations contained therein because it is not a counterclaim defendant to Count III.

53.     Answering ¶¶48-52, Canada denies the allegations contained therein.

<u>Count IV</u>

54.     Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-53 above.

55.     Answering ¶54, Counterclaim Defendants deny the allegations of this paragraph.

56.     Answering ¶¶55-60, Counterclaim Defendants deny the allegations as they pertain to them and are without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the remaining counterclaim defendants, and the allegations are therefore denied.

<u>Count V</u>

57.     Counterclaim Defendants hereby repeat and incorporate herein by reference their responses set forth in paragraphs 1-56 above.

58.     Answering ¶62, Counterclaim Defendants deny the allegations as they pertain to them and are without knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to the remaining counterclaim defendants, and the allegations are therefore denied.

59.     Answering ¶63, Counterclaim Defendants admit that Canada executed the Purchase Agreement to acquire right, title and interest in one or more original copyrighted works.  The remaining allegations of this paragraph are denied. By way of further response, the Purchase Agreement speaks for itself.

60.     Answering ¶64, Counterclaim Defendants deny the allegations contained in this paragraph.

61.     Answering ¶65, Counterclaim Defendants admit that Preet Singh is an officer of both entities.  Counterclaim Defendants deny the remaining allegations of this paragraph.

62.     Answering ¶¶66-68, Counterclaim Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

For their affirmative defenses, Counterclaim Defendants allege the following:

### FIRST AFFIRMATIVE DEFENSE

63.     Each of Koppe's counterclaims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

64.     Koppe is not the true legal owner of an exclusive right under 17 U.S.C. § 501(b) to the hardware, firmware and software in connection with U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823.

### THIRD AFFIRMATIVE DEFENSE

65.     Koppe abandoned his copyright to the hardware, firmware and software in connection with U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823.

### FOURTH AFFIRMATIVE DEFENSE

66.     Koppe assigned his copyright rights of the hardware, firmware and software in connection with U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 to Techart.

### FIFTH AFFIRMATIVE DEFENSE

67.      U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 are invalid as they are the

products of applications containing knowingly inaccurate information under 17 U.S.C. § 411(b).

### SIXTH AFFIRMATIVE DEFENSE

68.     U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 are invalid as Koppe is the incorrect claimant.

### SEVENTH AFFIRMATIVE DEFENSE

69.     U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 are invalid as they are based on an unauthorized derivative work and/or a reconstruction of the original work of which Koppe is not the legal owner.

### EIGHTH AFFIRMATIVE DEFENSE

70.     U.S. Copyright Registration No. Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823 are invalid for failure to comply with statutory formalities.

### NINTH AFFIRMATIVE DEFENSE

71.     Koppe's claims are barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

72.     Koppe's claims are barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

73.     Koppe's claims are barred by the doctrine of laches.

### TWELVTH AFFIRMATIVE DEFENSE

74.     Canada is the owner of the hardware, firmware and software in connection with U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX 8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823.

## THIRTEENTH AFFIRMATIVE DEFENSE

75.     Canada is the owner of all derivative works of the hardware, firmware and

software in connection with U.S. Copyright Registration Nos. TX 7-996-178, TX 8-126-604, TX

8-126-636, TX 8-126-629, TX 8-120-963, TX 8-130-849 and TX 8-130-823.

## FOURTEENH AFFIRMATIVE DEFENSE

76.     Koppe's claims of copyright misuse is not a legal cause of action.

## FIFTEENTH AFFIRMATIVE DEFENSE

77.     Koppe has no standing to pursue his claim for copyright infringement.


Date:   February 10, 2016                     /s/Gloria Tsui-Yip
                                              GLORIA TSUI-YIP
                                              WENDI OPPER UZAR
                                              Miskin & Tsui-Yip LLP
                                              1350 Broadway, Suite 802
                                              New York, New York 10018
                                              (t) (212) 268-0900
                                              (f) (212) 268-0904
                                              Gloria@mt-iplaw.com

                                              Attorneys for Plaintiff and Counterclaim Defendant
                                              9089756 CANADA, INC.

                                              Attorneys for Counterclaim Defendant
                                              COLLECTIVE MINDS GAMING CO., LTD.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
9089756 CANADA, INC.,                          :
                                               :
                        Plaintiff,             :   Civil Action No. 15-cv-6098 (KMW) (SN)
                                               :
           - against -                         :                    ECF Case
                                               :
JEFFERSON PAULO KOPPE,                          :
                                               :
                        Defendant.             :
-------------------------------------------------------------X
JEFFERSON PAULO KOPPE,                          :
                                               :
            Counterclaim Plaintiff,            :
                                               :
           - against -                         :
                                               :
9089756 CANADA, INC., COLLECTIVE               :
MINDS GAMING CO. LTD, BLUE RIDGE               :
ELECRONICS LLC, and XYZ Companies 1-10,        :
                                               :
            Counterclaim Defendants.           :
-------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2016, a copy of the foregoing **COUNTERCLAIM**

**DEFENDANTS 9089756 CANADA, INC.'S AND COLLECTIVE MINDS GAMING CO.**

**LTD.'S ANSWER TO JEFFERSON PAULO KOPPE'S AMENDED COUNTERCLAIMS**

was filed with the U.S. District Court, Southern District of New York, in accordance with its

Electronic Case Filing (ECF) procedures and served upon the attorneys for Defendant and

Counterclaim-Plaintiff listed below via email through ECF to:

Frank A. Mazzeo
Ryder, Lu, Mazzeo & Konieczny LLC
808 Bethlehem Pike, Suite 200
Colmar, PA 18915

/s/ Gloria Tsui-Yip
Gloria Tsui-Yip