THOMPSON BUKHER LLP
Tim Bukher
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366
tbukher@thomplegal.com

*Attorneys for Counterclaim Defendant*
*Blue Ridge Electronics LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 9089756 CANADA, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>JEFFERSON PAULO KOPPE,<br><br>Defendant. | **Civ. Action No. 15-cv-6098**<br>Judge Kimba M. Wood<br>Magistrate Judge Sarah Netburn<br><br>ECF Case |
| JEFFERSON PAULO KOPPE,<br><br>Counterclaim Plaintiff,<br><br>- against -<br><br>9089756 CANADA, INC., COLLECTIVE MINDS GAMING CO. LTD.,<br>BLUE RIDGE ELECTRONICS LLC, and XYZ Companies 1 – 10,<br><br>Counterclaim Defendants. | **BLUE RIDGE ELECTRONICS LLC'S ANSWER TO AMENDED COUNTERCLAIMS** |

Counterclaim Defendant Blue Ridge Electronics LLC ("BRE"), by and through its undersigned counsel, as for its Answer to the Amended Counterclaims filed by Jefferson Paulo Koppe ("Mr. Koppe") on January 8, 2016 (the "Counterclaims"), alleges upon knowledge as to itself and otherwise upon information and belief, in response to the numbered allegations of the Counterclaims as follows:

1. Paragraph 1 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 1.

2. Paragraph 2 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 2.

3. Paragraph 3 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 3.

4. Paragraph 4 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 4.

5. Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 5.

6. Paragraph 6 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 6.

7. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 7 and, therefore, denies such allegations in whole.

8. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 8 and, therefore, denies such allegations in whole.

9 BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 9 and, therefore, denies such allegations in whole.

10. BRE admits to the allegations of Paragraph 10.

11. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 11 and, therefore, denies such allegations in whole.

12. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 12 and, therefore, denies such allegations in whole.

13. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 13 and, therefore, denies such allegations in whole.

14. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 14 and, therefore, denies such allegations in whole.

15. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 15 and, therefore, denies such allegations in whole. To the extent that Paragraph 15 references a document, such document speaks for itself and no response is required.

16. To the extent that Paragraph 16 references a document, such document speaks for itself and no response is required. To the extent that a response is required, BRE denies the allegations of Paragraph 16.

17. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 17 and, therefore, denies such allegations in whole.

18 BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 18 and, therefore, denies such allegations in whole.

19. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 19 and, therefore, denies such allegations in whole.

20. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 20 and, therefore, denies such allegations in whole.

21. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 21 and, therefore, denies such allegations in whole.

22. BRE denies the allegations of Paragraph 22.

23. BRE admits that it operates the websites controllermax.com, cronusmax.com, ctrlmax.com, and ctrlmax.com.br; otherwise BRE denies the remaining allegations of Paragraph 23.

24. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 24 and, therefore, denies such allegations in whole.

25. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 25 and, therefore, denies such allegations in whole.

26. To the extent that Paragraph 26 references a document, such document speaks for itself and no response is required.

27. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 27 and, therefore, denies such allegations in whole. To the extent that Paragraph 27 references documents, such documents speak for themselves and no response is required. If a response is required, BRE denies the allegations of Paragraph 27.

28. BRE references and reincorporates its denials herein.

29. Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 29.

30. Paragraph 30 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 30.

31. To the extent that Paragraph 31 references a document, such document speaks for itself and no response is required. To the extent that a response is required, BRE denies the allegations of Paragraph 31.

32. To the extent that Paragraph 32 references a document, such document speaks for itself and no response is required. To the extent that a response is required, BRE denies the allegations of Paragraph 32.

33. Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 33.

34. Paragraph 34 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 34.

35. Paragraph 35 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 35.

36. Paragraph 36 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 36.

37. Paragraph 37 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 37.

38. BRE references and reincorporates its denials herein.

39. Paragraph 39 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 39.

40. Paragraph 40 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 40.

41. To the extent that Paragraph 41 references a document, such document speaks for itself and no response is required. To the extent that a response is required, BRE denies the allegations of Paragraph 41.

42. To the extent that Paragraph 42 references a document, such document speaks for itself and no response is required. To the extent that a response is required, BRE denies the allegations of Paragraph 42.

43. Paragraph 43 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 43.

44. Paragraph 44 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 44.

45. Paragraph 45 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 45.

46. Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 46.

47. BRE references and reincorporates its denials herein.

48. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 48 and, therefore, denies such allegations in whole.

49. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 49 and, therefore, denies such allegations in whole.

50. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 50 and, therefore, denies such allegations in whole.

51. Paragraph 51 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 51.

52. Paragraph 52 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 52.

53. BRE references and reincorporates its denials herein.

54. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 54 and, therefore, denies such allegations in whole.

55. BRE denies the allegations in Paragraph 55 with respect to itself. With respect to the other parties referenced in Paragraph 55, BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 55 and, therefore, denies such allegations in whole.

56. Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 56.

57. BRE denies the allegations in Paragraph 57 with respect to itself. With respect to the other parties referenced in Paragraph 57, BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 57 and, therefore, denies such allegations in whole.

58. Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 58.

59. Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 59.

60. Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 60.

61. BRE references and reincorporates its denials herein.

62. BRE denies the allegations in Paragraph 62 with respect to itself. With respect to the other parties referenced in Paragraph 62, BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 62 and, therefore, denies such allegations in whole.

63. BRE denies the allegations in Paragraph 63 with respect to itself. With respect to the other parties referenced in Paragraph 63, BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 63 and, therefore, denies such allegations in whole.

64. BRE denies the allegations of Paragraph 64.

65. BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 65 and, therefore, denies such allegations in whole.

66. BRE denies the allegations in Paragraph 66 with respect to itself. With respect to the other parties referenced in Paragraph 66, BRE lacks sufficient knowledge to admit or deny the allegations of Paragraph 66 and, therefore, denies such allegations in whole.

67. Paragraph 67 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 67.

68. Paragraph 68 states a legal conclusion to which no response is required. To the extent a response is required, BRE denies the allegations of Paragraph 68.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Mr. Koppe fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Mr. Koppe's claims are barred in whole or in part by the doctrine of equitable estoppel.

### THIRD AFFIRMATIVE DEFENSE

Mr. Koppe's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

BRE does not and has not infringed any valid and enforceable copyright of Mr. Koppe, either directly or indirectly.

### FIFTH AFFIRMATIVE DEFENSE

BRE does not and has not engaged in any conspiracy against Mr. Koppe.

### SIXTH AFFIRMATIVE DEFENSE

Mr. Koppe lacks standing to bring federal copyright claims against BRE.

### SEVENTH AFFIRMATIVE DEFENSE

On information and belief, the copyright applications asserted by BRE are invalid or

unenforceable for failure to comply with one or more of Sections 407 through 412 of Title 17 of the United States Code.

## EIGHTH AFFIRMATIVE DEFENSE

Mr. Koppe is not entitled to preliminary or permanent injunctive relief under any appropriate equitable theory. Any alleged injury to Mr. Koppe is not immediate or irreparable; Mr. Koppe has an adequate remedy at law for any harm caused, and, should BRE be adjudged an infringer or to have committed any other unlawful acts as described in Mr. Koppe's claims, the balance of hardships would not favor Mr. Koppe and public policy weighs against a grant of injunctive relief. BRE is further unentitled to preliminary or permanent injunctive relief because equity requires that Mr. Koppe shall have acted fairly and without fraud or deceit with respect to the controversy in issue, and Mr. Koppe has not.

## NINTH AFFIRMATIVE DEFENSE

BRE denies that Mr. Koppe is entitled to judgment in his favor or for any relief whatsoever, including the relief requested in paragraphs (a) through (k) of Mr. Koppe's prayer for relief. BRE denies any allegations in the Counterclaims to which it did not specifically respond. BRE reserves the right to assert any additional and further defenses as may be revealed by discovery or otherwise.

Dated: New York, New York
March 15, 2016

THOMPSON BUKHER LLP

By: _____
   Tim Bukher (TB1984)
75 Broad Street, Suite 2120
New York, New York 10004
Telephone: (212) 920-6050
Facsimile: (646) 349-2366

*Attorneys for Counterclaim Defendant
   Blue Ridge Electronics LLC*